IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

CASE NO. 19 CR 394-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

PATRICK M. DOYLE,

        Defendant.

**UNOPPOSED MOTION TO EXCLUDE TIME FOR THE ENDS OF JUSTICE**

COMES NOW, Defendant, by and through counsel, and hereby requests the Court to exclude one hundred eighty (180) days from his Speedy Trial calculation which currently stands at April 2, 2019, and set a trial date in or around mid-August 2020. In support of this motion, Defendant states the following:

<u>General Allegations</u>

1. Defendant is charged in an eight-count indictment. Defendant is charged in Counts 1, and 3 through 8, with distributing, and possessing with intent to distribute, MDMA, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Defendant is charged in Count 2 with conspiring to launder money, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) & (h). There is also a forfeiture allegation.

///

///

2

2. Counsel for Defendant has spoken with Assistant United States Attorney Andrea Surratt, who is assigned to this case. The Government does not object to the request to exclude time for the ends of justice, as outlined in this motion.

Legal Basis for Motion to Continue

1. The Speedy Trial Act of 1974 (Act) requires a criminal defendant's trial to commence within 70 days of his indictment or initial appearance. 18 U.S.C. §3161(c)(1).

2. The Act allows for a continuance at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *Id.* § 3161(h)(7)(A).

3. No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id.*

4. The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of § 3161(h)(7) are as follows:

   (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law,

3

        that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

    (iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id*. § 3161(h)(7)(B)(i)-(iv).

5. "A moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time.  A record consisting of only short, conclusory statements lacking in detail is insufficient.  For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial.  Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262

4

(10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007); *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

6. The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result. See *Strickland v. Washington*, 466 U.S. 668 (1984).

## Analysis

1. While counsel has, since the first Motion to Exclude Time, received the initial batch of discovery, defendant has not yet been able to review that discovery while in custody. According to the government, that discovery consists of over 2,000 pages and approximately 80,000 g-mail records.  The first two times that counsel mailed the DVDs to defendant in custody so that he could review it, while receipt by the jail had been confirmed in the shipping records, the jail apparently lost them.  The third time counsel mailed the DVDs, this time directly to defendant's counselor, it took weeks for the mail room to process them.   The DVDs will presumably be made available to defendant soon so that he can review them.  He has not yet been able to review them.

2. The government sent counsel an email on December 3, 2019, indicating that the next batch of discovery, which was required to be downloaded to an 8-terabyte hard drive, has been sent via Fed Ex to counsel.  That hard drive has since been received by counsel's office.

3. Defendant's counselor at the detention center has indicated to counsel that the facility will not permit defendant to review the 8-terabyte hard drive in the computer room.

5

Apparently, counsel will, at best, be permitted to sit with defendant in the attorney meeting room, as defendant reviews the materials on that hard drive. Counsel has not yet had the opportunity to analyze any discovery, with defendant, to determine potential factual and legal defenses. The current time-line for motions to be filed, which is January 28, 2020, is clearly not sufficient to allow counsel to prepare any motions, nor to conduct independent investigation into the allegations that could assist in the development of motions.

3. Defendant has been apprised of this request and he does not object.
4. Defendant is detained at the Federal Detention Center (FDC). While this detention facility is not, relatively speaking, difficult for counsel to enter and visit Mr. Doyle, it is far more time consuming than if Mr. Doyle were out of custody and able to come to counsel's office. A typical visit requires an hour of drive time to and from the facility. Then, counsel must check into the facility which requires counsel to pass through security and fill out visiting forms. After check-in, there is often a wait for the client to be brought to the visiting room. Counsel also has to prepare, prior to any meeting, to ensure that the all necessary documents are available for review as there is no ability to obtain items once you are in the facility. Further, as it appears that, at best, counsel will need to meet with Mr. Doyle and sit there as Mr. Doyle reviews the 8-terabyte hard drive, such review will undoubtedly an extraordinary amount of time.
5. FDC has three (3) visiting rooms. At times, counsel has arrived at FDC to visit a client and all three (3) visiting rooms have been occupied. This results in either rescheduling the visit or waiting for a room to open. Also, FDC ends visiting hours at 3:30 p.m. The 3:30

6

p.m. closing of professional visits further limits the time counsel and Mr. Doyle can review discovery and consult on the case.

6. Upon information and belief, there are no victims in this case.

7. The government indicated prior to defendant's arraignment, the estimated United States Federal Sentencing Guidelines' range of imprisonment is 235 to 293 months.

8. Given the current trial deadlines, counsel will have little to no time to conduct meaningful investigation. Additional time is needed to ensure that counsel can explore any investigation that is required.

### Prayer For Relief

1. Defendant hereby requests the Court to grant his Motion. This Motion is made in the interest of justice and does not vex or harass any party. Further, by granting this Motion, Defendant will have his right to effective assistance of counsel, as mandated by the Sixth Amendment, protected for the particularized reasons set forth in this motion.

2. Defendant is requesting one hundred eighty (180) days be excluded from the Speedy Trial for the particularized reasons set forth in this motion.

WHEREFORE, Defendant requests the Court to grant his Motion and exclude one

///

///

7

hundred twenty (180) days from the Speedy Trial Clock.

Dated this 6th day of December, 2019.

                Respectfully submitted,

                s/ *Nancy Kardon*  (Bar No. 47074
                Attorney for Defendant
                4770 Baseline Rd, Suite 200
                Boulder, Colorado 80303
                Tel. (310) 902-7837
                nkardon@kardonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion was delivered, via the ECF system for the District of Colorado to all parties, December 6, 2019.

s/ *Nancy Kardon*