IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

CASE NO. 19 CR 394-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

PATRICK M. DOYLE,

        Defendant.

**UNOPPOSED MOTION TO EXCLUDE TIME FOR THE ENDS OF JUSTICE**

COMES NOW, Defendant, by and through counsel, and hereby requests the Court to exclude one hundred eighty (180) days from his Speedy Trial calculation which currently stands at September 29, 2020, and set a trial date in or around February 2021. In support of this motion, Defendant states the following:

<u>General Allegations</u>

1. Defendant is charged in an eight-count indictment. Defendant is charged in Counts 1, and 3 through 8, with distributing, and possessing with intent to distribute, MDMA, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). Defendant is charged in Count 2 with conspiring to launder money, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) & (h). There is also a forfeiture allegation.

///

///

2. Counsel for Defendant has spoken with Assistant United States Attorney Andrea Surratt, who is assigned to this case.  The Government does not object to the request to exclude time for the ends of justice, as outlined in this motion.

Legal Basis for Motion to Continue

1. The Speedy Trial Act of 1974 (Act) requires a criminal defendant's trial to commence within 70 days of his indictment or initial appearance. 18 U.S.C. §3161(c)(1).

2. The Act allows for a continuance at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *Id*. § 3161(h)(7)(A).

3. No such period of delay resulting from a continuance granted by the court in accordance with paragraph (7) shall be excludable unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*.

4. The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of § 3161(h)(7) are as follows:

   (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

   (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law,

3

> that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* § 3161(h)(7)(B)(i)-(iv).

5. "A moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough." *United States v. Toombs*, 574 F.3d 1262

4

(10th Cir. 2009) citing *United State v. Williams*, 511 F.3d 1044, 1058 (10th Cir. 2007); *United States v. Gonzales*, 137 F.3d 1431, 1434-35 (10th Cir. 1998).

6. The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel's conduct must be sufficient so as not to undermined the proper functioning of the adversarial process so that the trial process can be relied on as having produced a just result. See *Strickland v. Washington*, 466 U.S. 668 (1984).

Analysis

1. Counsel has, since the second Motion to Exclude Time, received more batches of discovery.  Defendant has had an extremely difficult time reviewing any of the discovery while in custody.  The initial discovery in the case consisted of over 2,000 pages, and approximately 80,000 g-mail records, produced to the defense on an 8-terabyte hard-drive.  Since that extensive production, counsel has received numerous additional DVDs, a USB drive, and other discovery from the government.  Counsel has converted a portion of the discovery to DVDs for defendant, which DVDs are only sporadically made available to defendant so that he can review them.  Counsel was prohibited by the institution from either providing the hard drive to defendant or reviewing the hard drive with defendant, while he is in custody.  In order for defendant to review the discovery in its entirety then, counsel must sit in a meeting room with defendant, as defendant reviews the extensive amount of discovery files on counsel's computer.

2. It has been impossible for counsel to meet in person with defendant since March 2020.

3. On or about March 11, 2020, on the very morning that counsel set aside a full day to meet with defendant to review discovery with him at the Federal Detention Center in

5

Englewood, where he was then housed, defendant was transferred to Washington County Detention Center in Akron, two hours from counsel. Counsel was informed by the Detention Center that it would be several days before counsel would able to meet with defendant at the new facility. Counsel never had the opportunity to meet with defendant before the institution was closed to the public the next week due to COVID-19.

4. On or about May 23, 2020, defendant tested positive for COVID-19. Not only has defendant been seriously ill, but he has even less ability to contact counsel on the phone.

5. It is imperative that defendant be able to have contact visits with counsel in order to review the discovery in its entirety, and consult with counsel about the case.

6. The Detention Center cannot tell counsel when the institution will again be open for contact visits with defendant.

7. Defendant has been apprised of this request and he does not object.

8. Upon information and belief, there are no victims in this case.

9. The government indicated prior to defendant's arraignment, the estimated United States Federal Sentencing Guidelines' range of imprisonment is 235 to 293 months.

10. Given the current trial deadlines, counsel will have little to no time to conduct a review of the discovery with defendant and conduct meaningful investigation. Additional time is needed to ensure that counsel can explore any investigation that is required.

11. AUSA Andrea Surratt indicated to counsel that she does not object to this motion and that due to a lengthy trial she has scheduled in November 2020, the earliest she could proceed to trial in this case would be in the end of January, 2021.

6

Prayer For Relief

1. Defendant hereby requests the Court to grant his Motion.  This Motion is made in the interest of justice and does not vex or harass any party.  Further, by granting this Motion, Defendant will have his right to effective assistance of counsel, as mandated by the Sixth Amendment, protected for the particularized reasons set forth in this motion.

2. Defendant is requesting one hundred eighty (180) days be excluded from the Speedy Trial for the particularized reasons set forth in this motion.

WHEREFORE, Defendant requests the Court to grant his Motion and exclude one hundred twenty (180) days from the Speedy Trial Clock.

Dated this 3rd day of June, 2020.

Respectfully submitted,

s/ *Nancy Kardon*  (Bar No. 47074
Attorney for Defendant
4770 Baseline Rd, Suite 200
Boulder, Colorado 80303
Tel. (310) 902-7837
nkardon@kardonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was delivered, via the ECF system for the District of Colorado to all parties, June 3, 2020.

s/ <i>Nancy Kardon</i>