IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-394-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

**PATRICK M. DOYLE**,

Defendant.

---

**UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND TO EXCLUDE AN ADDITIONAL 120 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO 18 U.S.C. §§3161(H)(7)(a) and (B)(i) and (iv)**

---

**COMES NOW** defendant Patrick Doyle, by through counsel Martin Stuart of McDermott Stuart & Ward LLP, and files this motion respectfully requesting that the Court issue an Order: (1) making an ends of justice finding pursuant to 18 U.S.C. §3161(h)(7)(A) and excluding an additional 120 days from the speedy trial calculation pursuant to 18 U.S.C. §3161(h)(7)(B)(iv); and (2) extending the December 29, 2020, motions filing deadline, and (3) continuing his February 8, 2021, jury trial.

**AS GROUNDS**:

1. In late August of 2019, Mr. Doyle was arrested based on allegations of distribution of a controlled substance and money laundering. (Doc. 2).

2. On September 10, 2019, Mr. Doyle entered not guilty pleas to the allegations and was scheduled for a jury trial to begin on November 4, 2019. (Docs. 23 and 25).

1

3. On September 23, 2019, Mr. Doyle filed an unopposed ends of justice motion to exclude time from the speedy trial clock and to continue his jury trial. (Doc. 26). The motion was granted on September 25, 2019, and the Court excluded 120 days from the speedy trial clock and reset the case for a jury trial to commence on March 23, 2020. (Doc. 27). Due to a scheduling conflict, the Court later *sua sponte* reset the trial to March 9, 2020. (Doc. 29).

4. On December 6, 2019, Mr. Doyle filed a second unopposed ends of justice motion to exclude time from the speedy trial clock and to continue his jury trial. (Doc. 32). The Court again granted the motion excluding an additional 180 days from the speedy trial clock and resetting the motion filing deadline to December 29, 2020, and the trial to January 12, 2021. (Doc. 33).

5. On November 15, 2020, Mr. Doyle's prior attorney filed a motion to withdraw. (Doc. 34). On November 17, 2020, the Court granted the request and ordered court appointed counsel for Mr. Doyle's representation. (Doc. 35).

6. On November 17, 2020, undersigned counsel was appointed to represent Mr. Doyle pursuant to the Criminal Justice Act. (Doc. 36).

7. 18 U.S.C. § 3161(h), provides in relevant part:

> "The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:"
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

8. The Speedy Trial Act protects both a defendant's right to a speedy indictment and trial and also the public's interest in ensuring prompt criminal prosecutions. <u>United States v. Williams</u>, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act guarantees a defendant the right to commencement of a trial within 70 days of his or her indictment or initial appearance, whichever is later. <u>See</u> 18 U.S.C. §3161(c)(1). The Act provides for certain exclusions from this 70-day period. <u>See</u> 18 U.S.C. §3161(h)(1)-(8). The Act specifically "excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" <u>Id</u>.

9. The Court must consider the following factors when assessing the merits of a §3161(h)(7)(A) "ends-of-justice" continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
> …
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3

18 U.S.C. §3161(h)(7)(B)(i) - (iv).

10. Undersigned counsel has received initial discovery from the government, although not all items. Based on a government initial production letter, discovery is voluminous including over 80,000 pages plus 8 TB hard drive, the contents of which counsel is uncertain. Further complicating matters is the severe restrictions placed on confidential attorney-client communications due to the on-going COVID-19 pandemic. Undersigned counsel has been in contact with prior counsel who has been cooperative and helpful, although even with her assistance it is anticipated that counsel will need several months to review the materials to the extent that he can be prepared to file pretrial motions and to effectively prepare for trial.

11. Mr. Doyle has been fully advised of the instant motion and has consented to its filing.

12. AUSA Surratt has been consulted and does not oppose the relief request in the instant motion.

//
//
//
//
//
//
//
//
//

**WHEREFORE**, Mr. Doyle respectfully requests that this Honorable Court enter an order granting an ends of justice continuance of his trial, exclude 120 days from his speedy trial clock, and extending the pretrial motions filing deadline.

Respectfully submitted,

Dated: December 3, 2020

By: s/Martin Stuart
    MARTIN STUART, *counsel for Mr. Doyle*
    McDermott Stuart & Ward, LLP
    140 E. 19th Ave., Suite 300
    Denver, CO 80203
    Phone 303-832-8888
    mstuart@mswdenver.com

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of December 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Martin Stuart
Martin Stuart

6