IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-394-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. PATRICK M. DOYLE,
    a/k/a "Gordon Keough,"

    Defendant.

## PLEA AGREEMENT

The United States of America, by and through Andrea Surratt, Assistant United States Attorney, and defendant, PATRICK M. DOYLE, a/k/a "Gordon Keough," personally and through counsel, Martin Stuart, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

### I. PLEA AGREEMENT

This plea is pursuant to Fed. R. Crim. P. 11(c)(1)(A).

**A.   Defendant's Obligations**

    **1.   Count of Conviction**

The defendant agrees to plead guilty to Counts One, Three, Four, Five, Six, Seven, and Eight of the Indictment, which charge violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (distribution and possession with intent to distribute MDMA, or attempt to do the same).

    **2.   Waiver of Appeal:** The defendant is aware that 18 U.S.C. § 3742 affords

**COURT EXHIBIT 1**

a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory Guidelines range as calculated based on offense level 31, or (3) the Government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing Guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

    3.    **Forfeiture of Assets**

The defendant agrees to admit the forfeiture allegation contained in the Indictment.

**B.**    **Government's Obligations:**

    1.    **Sentencing Recommendation:** In exchange for the defendant's plea of

guilty, the Government agrees to recommend the Court give the defendant full credit for acceptance of responsibility, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing.

The Government agrees to recommend a sentence at the low end of the Guidelines range at the time of sentencing in this case.

**2.     Dismissal of Count:** In exchange for the defendant's plea of guilty, the Government also agrees that, at the time of sentencing, it will move to dismiss Count Two of the Indictment as to the defendant.

## II. STATUTORY PENALTIES

The statutory penalty for each of the offenses charged in Counts One, Three, Four, Five, Six, Seven, and Eight of the Indictment is not more than 20 years imprisonment; not more than a $1,000,000 fine; not less than 3 years supervised release or more than life supervised release; and a $100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## III. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied

citizenship.

## IV. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which the defendant will plead guilty are as follows:

Counts One, Three, Four, Five, Six, Seven Eight:

Attempt has two elements:

(1) the defendant intended to commit the crime; and

(2) the defendant took a substantial step towards commission of that crime

Possession with intent to distribute (or distribution), has elements as follows:

(1) the defendant knowingly or intentionally possessed a controlled substance as charged;

(2) the substance was in fact MDMA, and

(3) the defendant possessed the substance with the intent to distribute it (or did, in fact, distribute it)

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory Guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the

parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which do not contradict the facts to which the parties have stipulated and which are relevant to the Guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4 and 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision. In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." U.S.S.G. § 6B1.4 Comm.

The parties stipulate to the following facts:

Count One: On August 2, 2019, DOYLE left his apartment on Market Street in Denver, CO (the "Market Street Apartment") and drove to the downtown post office in Denver, CO, and mailed a parcel to another person. Law enforcement agents removed that parcel from the mail stream and, pursuant to a search warrant, opened the parcel. The parcel was determined to contain 1,769 grams of MDMA. DOYLE admits that he possessed this MDMA with the intent to distribute it.

Count Three: On August 22, 2019, law enforcement agents executed a search warrant the Market Street Apartment. During this search, agents located bulk MDMA weighing 2,045.7 grams and MDMA pills weighing 148.8 grams. DOYLE admits that he possessed this MDMA with the intent to distribute it.

During this August 22, 2019 search, agents also located $26,604 in U.S. currency, P.O. Box application receipts, packaging and mailing materials, a digital scale, and other drug paraphernalia.

<u>Counts Four-Eight</u>: Between 2017 and 2019, DOYLE used the alias "Gordon Keough" to receive parcels containing MDMA with the intent to redistribute that MDMA to his customers. As far as this investigation has revealed, "Gordon Keough" is not a real person.

On August 31, 2019, CBP officers in San Francisco intercepted two parcels from Europe addressed to "Gordon Keough" at two P.O. Boxes in Denver, CO. One of these parcels contained 7,588 grams of MDMA and the other contained 7,583 grams of MDMA. DOYLE admits that he attempted to possess the MDMA in each of these parcels with the intent to distribute it.

On May 23, 2019, CBP officers in Los Angeles intercepted a parcel from France addressed to "Gordon Keough" at a P.O. Box in Denver, CO. The parcel contained 7.06 kilograms of MDMA. DOYLE admits that he attempted to possess this MDMA with the intent to distribute it.

On January 24, 2018, CBP officers in New York intercepted a parcel from Germany addressed to "Gordon Keough" at a P.O. Box in Edgewater, CO. The parcel contained 257 grams of MDMA. DOYLE admits that he attempted to possess this MDMA with the intent to distribute it.

On August 13, 2017, CBP officers in New York intercepted a parcel from Germany addressed to "Gordon Keough" at a P.O. Box in Denver, CO. The parcel

6

contained 996 tablets of MDMA. DOYLE admits that he attempted to possess this MDMA with the intent to distribute it.

## VI. ADVISORY GUIDELINE COMPUTATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory Guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory Guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the Guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the Government has an independent obligation to assist the Court in making an accurate determination of the correct Guideline range. To that end, the Government may make legal or factual arguments that affect the estimate below.

Offense Level:

A. The Guideline application to Count One is U.S.S.G. § 2D1.1.

B. The defendant is responsible for 26,451 grams of MDMA, which is equivalent to 13,~~495~~ 225 Cm? kg of converted drug weight. Pursuant to U.S.S.G. § 2D1.1(c)(3), the defendant's base offense level is 34. The defendant reserves the right to argue that a different MDMA-to-converted-drug-weight ratio should be applied in this case.

C.  The parties agree to stipulate that the defendant meets the criteria set forth in subsections (2) – (4) of 18 U.S.C. § 3553(f) and USSG §5C1.2(a). Accordingly, if the facts known to the parties regarding the defendant's criminal history are correct and he satisfies criteria (5) prior to sentencing, the defendant will be eligible for a 2-level decrease in offense level pursuant to USSG §2D1.1(b)(18).

D.  The parties agree that the two-level enhancement for maintenance of a premises of the purpose of manufacturing or distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12) does not apply. The parties likewise agree that the two-level enhancement for mass-marketing by mean of an interactive computer service pursuant to U.S.S.G. § 2D1.1(b)(7) does not apply.

E.  The defendant should receive a decrease in the offense level by -2 based upon his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The defendant should also receive a decrease in the offense level by -1 for timely notifying the government of his intent to plead guilty pursuant to U.S.S.G. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.

Criminal History:

F.  The parties acknowledge and agree that the estimation regarding the defendant's criminal history is tentative. The defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. The defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final Guideline range and result in a longer term of imprisonment. Based upon the facts known at this time

8

regarding the defendant's criminal history, the parties believe that the defendant falls within Criminal History Category ("CHC") I. § 4A1.1.

Guidelines Range:

G.     For Count One, the Guidelines range resulting from the estimated offense level of 31 and the estimated criminal history category I is 108-135 months' imprisonment. The imprisonment range at offense level 31 could be from 108 (at the bottom of CHC I) to 293 (at the top of CHC VI).

H.     Pursuant to U.S.S.G. § 5E1.2, at an offense level of 31, the fine range for would be $30,000 to $1,000,000, plus applicable interest and penalties.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the Guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the Guideline range precludes either party from asking the Court, within the overall context of the Guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory Guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it

deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 7/11/21

Patrick Doyle
Defendant

Date: 7-9-21

Martin Stuart
Attorney for Defendant

Date: 7/15/2021

Andrea Surratt
Assistant U.S. Attorney