IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-394-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. PATRICK M. DOYLE,

    Defendant.

## GOVERNMENT'S SENTENCING STATEMENT

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following sentencing statement with respect to defendant PATRICK DOYLE. For the reasons described below, the Government respectfully requests that the Court sentence the defendant to 87 months' imprisonment, which is the bottom of the defendant's Guidelines range.

### Facts

    For two years, between 2017 and 2019, the defendant ordered MDMA from overseas to be sent to various post office boxes in Denver, Colorado. In order to evade detection, he opened these P.O. boxes in the name of an alias: Gordon Keough. On each occasion, the defendant ordered large, kilogram-quantities of MDMA with the intent to sell the MDMA for profit in the United States.

    On one occasion, on August 2, 2019, law enforcement officers observed the defendant drive from his Denver apartment to a downtown Denver post office and mail a parcel. This parcel was seized, searched, and determined to contain nearly two

1

kilograms of MDMA being mailed to another person.

On August 22, 2019, law enforcement officers executed a search warrant at the defendant's Denver apartment. During the search, they located over two kilograms of MDMA, as well as cash, P.O. box application receipts, packaging materials, and a digital scale.

## Procedural History

The defendant was arrested on August 22, 2019, simultaneously with the execution of the above-described search warrant at his home. [PSR p.1]. The defendant was indicted on September 5, 2019 in eight counts. [PSR ¶ 2]. Seven counts—the counts of convictions—were related to the defendant's drug distribution. One count charged the defendant with money laundering. [PSR ¶ 2].

On July 15, 2021, the defendant pled guilty to counts 1, 3, 4, 5, 6, 7, and 8 of the Indictment with the benefit of a plea agreement. [PSR ¶ 3]. His sentencing is scheduled for December 1, 2021. [ECF #42].

The defendant has been in custody since his arrest.

## Guidelines Calculation

The parties in the plea agreement, and the Probation Department in the PSR, agree on the Guidelines calculation in this matter. The defendant is responsible for distribution or possession with the intent to distribute approximately 26 kilograms of MDMA, which converts to around 13,360 kilograms of converted drug weight.[1] Pursuant to U.S.S.G. § 2D1.1(a)(5), the base offense level is 34. Because, post-plea,

---

[1] There is a small difference between the parties' calculation in the plea agreement and the PSR, but it does not affect the base offense level.

the defendant met the criterial set forth in U.S.S.G. § 5C1.2, two levels are subtracted. The defendant has clearly demonstrated acceptance of responsibility for the offense and timely notified authorities of his intent to plead guilty, so three additional levels are subtracted pursuant to U.S.S.G. §§ 3E1.1(a) and (b) for a total offense level of 29.

The defendant is in Criminal History Category I, so his Guidelines range is 87-108 months' imprisonment.

Application of the 18 U.S.C. § 3553(a) Factors

A. *Nature and Circumstances of the Offense*

For two years, the defendant imported MDMA into the United States to re-sell to customers here. The amount seized by law enforcement during this time amounted to more than 26 kilograms of MDMA. MDMA, or ecstasy, is a stimulant and psychedelic that is often used by young people as a party drug. While the overdose risks of MDMA are not equivalent to, for instance, fentanyl, it is nevertheless a dangerous drug. One of the most common effects of an MDMA overdose is hyperthermia, which can result in multiple organ failure and death.

There can be no question, then, that this was a serious offense. It is not an exaggeration to say that, had the MDMA that had been seized by law enforcement instead made it to the defendant, it would have flooded the community with an illegal and dangerous substance. And though the defendant is not being held responsible for any drugs beyond what are in the plea agreement, at the time of his arrest he was unemployed except for his drug dealing enterprise and, in fact, has not been employed at all since 2018. [PSR ¶ 70]. It is not a stretch, therefore, to surmise that in between what was seized by law enforcement, the defendant was receiving and re-selling

enough drugs to support himself, pay his downtown Denver rent, and purchase a car (a 2018 Alfa Romeo Giulia that, when new, likely cost over $40,000).

Ultimately, while the defendant has no criminal history, his behavior here was not a one-time lapse of judgment.  Rather, he made the same choice over and over again—to continue selling drugs to benefit himself, at the expense of the community.

B. *History and Characteristics of the Defendant*

Like many drug dealers who operate largely from the comfort of their homes rather than dealing on the street, the defendant is an intelligent individual who appears to have an interest in and aptitude for computers.  [PSR ¶ 69].  Unfortunately, rather than pursue this interest to contribute to society, he instead elected to be a drug dealer.  It is the Government's sincere hope that, once the defendant has concluded his term of incarceration, he will put his natural talents to better use.

Moreover, the defendant had an opportunity for education and comes from a family that, while perhaps not emotionally supportive, provided for the defendant and his siblings in all possible material ways.  [PSR ¶ 39-44].  Unlike other defendants, then, this defendant cannot use desperate circumstances to explain his involvement in the offense conduct.  Rather, it is likely that he concluded that re-selling drugs purchased from overseas was an easier way to make money than working at a lawful occupation.

In sum, the defendant had every opportunity to contribute to society, but instead repeatedly—over a period of two years—made a choice to sell drugs instead.

C. *The Need for the Sentence to Achieve the Aims of 18 U.S.C. § 3553(a)(2)*

The requested sentence will also reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, provide deterrence to

4

criminal conduct, and protect the public from further crimes of the defendant.

Individuals selling drugs via the U.S. mail avoid many of the downsides to traditional drug dealing: they can obfuscate their identities from law enforcement, as the defendant did here; they are safer from would-be robbers; sales can take place from various post offices; and being paid via mail means that they avoid having cash on their person in public.  Because of this, mail-order drug sales have soared and deterrence—both general and specific—is a paramount aim of sentencing.

Further, as noted herein, the defendant's crime was extremely serious.  A sentence at the bottom of the Guidelines range will serve to reflect this seriousness and provide just punishment for the defendant's actions.

## Conclusion

The Government respectfully requests that the Court sentence the defendant to 87 months' imprisonment to be followed by three years of supervised release.

Respectfully submitted this 17th day of November, 2021.

        MATTHEW T. KIRSCH
        Acting United States Attorney

By:   *s/ Andrea Surratt*
      Andrea Surratt
      Assistant United States Attorney
      U.S. Attorney's Office
      1801 California St., Suite 1600
      Denver, CO 80202
      Telephone: (303) 454-0100
      e-mail:  Andrea.Surratt@usdoj.gov
      Attorney for the Government